# Exhibit A

*Southern Utah Wilderness Alliance et al. v. United States Dep't of the Interior et al.*

*Case No. 2:19-cv-00297-TS*

Stephen H.M. Bloch (# 7813)
Michelle White (# 16,985)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Tele: (801) 486-3161
steve@suwa.org
michellew@suwa.org

Attorneys for Plaintiffs
Southern Utah Wilderness Alliance *et al.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| SOUTHERN UTAH WILDERNESS ALLIANCE, THE WILDERNESS SOCIETY, and NATIONAL PARKS CONSERVATION ASSOCIATION<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES BUREAU OF LAND MANAGEMENT, and AHMED MOHSEN, in his official capacity as Color Country District Manager,<br><br>    Defendants. | **DECLARATION OF RAY BLOXHAM**<br><br>Case No. 2:19-cv-00297-TS |
|---|---|

I, RAY BLOXHAM, declare:

1. I have personal knowledge of each of the facts set forth below and, if called upon to do so, could and would testify regarding the statements that follow. This declaration is filed in support of the litigation in the above-captioned matter.

2. I am the Field Director for the Southern Utah Wilderness Alliance ("Alliance"), where I have been employed since 1999. The Field Director position requires me to spend considerable amounts of time on public lands managed by the Bureau of Land Management ("BLM") throughout the state of Utah. For more than twenty years I have worked to protect the wilderness-quality lands throughout the state of Utah, including the lands in the BLM Richfield Field Office in central Utah.

3. I am an active member of the Alliance and have been a member since 1999.

4. I am also an active member of the Sierra Club, The Wilderness Society ("TWS") and have been for several years. I am also a member of the National Parks Conservation Association ("NPCA").

5. The Alliance, based in Salt Lake City, Utah, is a non-profit membership organization with more than 16,000 members, many of whom reside in Utah. The Alliance's mission is the preservation of the outstanding wilderness at the heart of the Colorado Plateau. To further this mission, the Alliance advocates for the management of wilderness-quality lands, and the associated natural and cultural resources, in their natural state for the benefit of all Americans. The Alliance promotes local and national recognition of the region's unique characteristics through research and public education, supports both administrative and legislative initiatives to permanently

protect Utah's wild places, builds support for such initiatives on both local and national levels, and provides leadership within the conservation movement through uncompromising advocacy for wilderness preservation.

6. The Sierra Club is the nation's largest grassroots environmental organization with more than three million members and supporters. The mission of the Sierra Club is to explore, enjoy, and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives. The Sierra Club has worked to protect wildlands, air quality, and natural values on public lands for many years, participating in rule-making, planning processes, and/or litigation for specific public lands in Utah and many other states including the BLM-managed lands in the Richfield field office.

7. TWS is a non-profit national leadership organization founded in 1935. TWS works to protect America's wilderness and to develop a network of wild lands through public education, scientific analysis, and advocacy. TWS's goal is to ensure that future generations will enjoy the clean air, water, wildlife, beauty, and opportunities for recreation and renewal that pristine deserts, mountains, forests, and rivers provide. TWS views protecting wilderness quality and other sensitive Utah BLM-managed lands as vital to achieving its mission. TWS has worked for years to protect BLM wilderness quality and other sensitive lands in Utah including the BLM-managed lands in the Richfield field office.

8. NPCA is a non-profit national organization whose primary mission is to address major threats facing the National Park System.  NPCA is the leading voice of the American people in protecting and enhancing the National Park System and has more than 325,000 members throughout the United States, with over 2,000 in Utah.  NPCA plays a crucial role in ensuring that America's national parks are protected in perpetuity by undertaking a variety of efforts, including:  advocating for the parks and the National Park Service, educating decision-makers and the public about the importance of preserving the parks, lobbying members of Congress to uphold the laws that protect the parks and in support of new legislation to address threats to the parks, and assessing the health of the parks and park management to better inform NPCA's members and the general public about the state of the park system.  NPCA actively works to protect the national parks in southern Utah, including Capitol Reef National Park, from the impacts of claimed R.S. 2477 rights-of-way and other motorized vehicle use.

9. In the remainder of this declaration I will refer to the Alliance, Sierra Club, TWS, and NPCA collectively as "SUWA."

10. SUWA members and staff have a well-demonstrated interest in the preservation and protection of Utah's remarkable BLM-managed public lands and resources, as well as in the BLM's compliance with federal laws and regulations. SUWA members and staff benefit from BLM's compliance with federal laws and agency regulations. They expect that BLM will comply with all federal laws and agency regulations.

11. SUWA has taken an active role in providing critical information to the BLM

3

regarding the agency's day-to-day management activities including issues involving R.S. 2477 rights-of-way ("ROW"), road construction and travel management decisions.

12. SUWA members and staff participate in information gathering and dissemination, education and public outreach, commenting upon proposed government actions and other activities relating to the management of and impacts to BLM-managed lands and resources, including those at issue here.

13. SUWA members and staff use and enjoy the BLM-managed lands in and around the Burr Trail chip and seal project ("Chip Seal Project"). SUWA members and staff also use and enjoy the immediately adjacent lands and lands in the larger region. SUWA members and staff use and enjoy these lands for numerous activities including, but not limited to, hiking, wildlife viewing, solitude, and aesthetic appreciation. They also use and enjoy the immediately adjacent lands and lands in the larger region for similar activities and reasons.

14. SUWA members' and staff's recreational, aesthetic, informational, and other interests are directly affected and harmed, and continue to be affected and harmed, by BLM's approval of the Chip Seal Project.

15. I use and enjoy the public lands and natural resources on BLM-managed lands in the Richfield Field Office for many purposes including wildlife viewing, recreational, and aesthetic, and I have used and enjoyed for these same purposes the public lands at issue in this appeal as well as lands adjacent thereto.

16. In particular, I enjoy visiting and observing the Mount Pennell wilderness study area,

Long Canyon lands with wilderness characteristics area, and the public lands along the east side of Capitol Reef National Park in and around the Burr Trail Project. I have visited and observed this area on multiple occasions since 2010, most recently in April 2019. I take great pleasure from my visits to this area and intend to return as often as possible, and certainly within the next year.

17. In my visits to the public lands in and around the Chip Seal Project I have enjoyed the natural quiet, the solitude, viewing the untrammeled and pristine landscape, and appreciating cultural and historic resources and the endemic flora and fauna. Despite having tried on several occasions, I have not yet had the chance to observe the Mexican spotted owl in this area but am aware that the owl and its habitat will be adversely impacted by the Chip Seal Project. I am hopeful that one day I will have the chance to observe Mexican spotted owl in this area. However, I fear that the Chip Seal Project will reduce the likelihood of having the opportunity to observe the species in this area because the project will degrade and disrupt the species' habitat through the introduction of additional sights and sounds (*e.g.*, increased vehicle activity) into this quiet area.

18. I expect that when approving a project on BLM-managed public lands the BLM will comply with federal laws including, but not limited to, the National Environmental Policy Act ("NEPA"), Federal Land Policy and Management Act ("FLPMA"), Endangered Species Act ("ESA"), National Historic Preservation Act ("NHPA"), and the regulations and policies interpreting these laws. I benefit from the agency's compliance with these laws as well as the agency compliance with its duties to protect

5

wilderness study areas – such as the Mount Pennell wilderness study area – from unlawful impairment and unnecessary and undue degradation.

19. My interests in this area including, but not limited to, observing wildlife, recreational, and aesthetic, have been, and will continue to be, harmed by the Chip Seal Project. BLM's utter failure to comply with federal law and make a thoughtful and legally sound decision in this case harms my interest in BLM lawfully carrying out its land management duties under federal law including FLPMA, the ESA, and NEPA.

20. The Chip Seal Project has and will continue to harm my interests in the public lands in and around the project area.

    A. The project will degrade naturalness, increase vehicular activity and visitation, increase noise and pollution, destroy and impair wildlife habitat, including for Mexican spotted owl, and harm and destroy cultural resources. These impacts from the project will directly affect and harm my interests described herein.

    B. The project will make it easier for vehicles to travel this segment of the Burr Trail, which will result in increased visitation and increased vehicle speed. This will likely disperse wildlife away from the area and lead to increased wildlife mortality, making it more difficult and less likely for me to observe wildlife.

    C. It will also degrade my enjoyment of the wilderness characteristics in the Mount Pennell and Long Canyon areas by introducing the sights and sounds of vehicles and people into those areas. This will lessen my appreciation and enjoyment of these areas, including outstanding opportunities for solitude –

values that I have worked for two decades to protect.

21. I do not want to see or hear additional development and industrial activities nor do I want to see or hear additional people and their accompanying impacts to the land in and around this area. I want to continue to enjoy solitude and the untrammeled wilderness characteristics as well as view wildlife (including increased opportunities to observe the Mexican spotted owl).

22. My injuries and harms discussed herein are a result of BLM's failure to follow the law prior to approving the Burr Trail Project. My injuries and harms will be remedied or partly remedied by a decision declaring that BLM's approval of the Burr Trail Project violated NEPA, FLPMA, and the ESA. My injuries and harms will also be remedied or partly remedied by an order remanding and setting-aside BLM's approval of the project in violation of federal law, and 1) directing BLM to tear up the chip seal, or 2) placing restrictions on the use Chip Seal Project segment, until BLM complies with federal laws, or 3) finding that Garfield County does not have an R.S. 2477 right-of-way and/or the right to chip seal the Project segment, and BLM must comply with the provisions of FLPMA's Title V provisions before Garfield County may maintain or improve the Project Segment.

I DECLARE, under penalty of perjury, that the foregoing is true and correct.

DATED:   May 1, 2019.

Ray Bloxham

7